UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
RICHARD L. SMITH, JR.,              :
                                    :
         Plaintiff,                 :   Civ. No. 17-269 (NLH)
                                    :
     v.                             :   OPINION
                                    :
MICHAEL DONIO, et al.,              :
                                    :
         Defendants.                :
_____:

APPEARANCES:
Richard L. Smith, Jr.
837638 922627b
S.S.C.F.
4295 Rt. 47
Delmont, NJ 08314
     Plaintiff Pro se


HILLMAN, District Judge

     Plaintiff Richard L. Smith, a prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this civil rights action in forma pauperis. (Compl., ECF No. 1.) Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis ("IFP App.," ECF No. 1-2), pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint.

     At this time, the Court must review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

**I. STANDARDS FOR A SUA SPONTE DISMISSAL**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must

2

be supported by factual allegations." Id.  If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).  A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## II. DISCUSSION

### A. The Complaint

Plaintiff named the following defendants in his Complaint: Michael Donio, J.S.C.;[1] Andrew B. Johns, Assistant Attorney General ("AAG"), New Jersey; Joseph Corbey, Attorney; Terry Stomel, Attorney; Georgia Curio, Cumberland County Assignment Judge; and Rosemarie Gallager, C.D.M., Cumberland County.  In his Statement of Claims, Plaintiff alleges the following facts. On September 5, 2012, Plaintiff and his wife were arrested. Plaintiff was arraigned before Judge Michael Donio on September 17, 2012.  Andrew B. Johns acted on behalf of the New Jersey

---

[1] By letter to the Court, Plaintiff seeks to correct an error in the caption of his Complaint where he had mistakenly named "Michael Connor," and he intended to name "Michael Donio" as the first defendant.  (ECF Nos. 2, 3.)  The Court will direct the Clerk to make this correction on the docket.

After filing his Complaint, Plaintiff submitted evidence in support of his claims. (ECF Nos. 4, 5.)  Plaintiff is not required to submit evidence to the Court at this stage of the litigation. If Plaintiff wishes to include these documents as part of his Complaint, which is not required, he should submit an Amended Complaint, attaching these documents.

3

Attorney General's Office, and Attorney Joseph Corbey represented Plaintiff.  Bail was not discussed or set at the arraignment.

Plaintiff's criminal matter before Judge Donio, and two other indictments against him, were transferred to Cumberland County on October 9, 2012, due to a conflict because Plaintiff's father-in-law is a judge in Atlantic County.  Plaintiff did not receive bail until he agreed to plead guilty on April 29, 2013.  His bail was set at $150,000, and subsequently lowered to $100,000 at his plea hearing.  AAG Andrew Johns admitted on the record that a mistake was made in Plaintiff's bail.

Before his plea hearing, between September 17, 2012 and April 29, 2013, Plaintiff wrote letters to his attorney, Joseph Corbey, and to Judges Michael Donio and Georgia Curio, alleging he was illegally imprisoned.  He also submitted a motion to dismiss in January 2013.  These issues went unaddressed.

Plaintiff was appointed a "pool attorney," Terry Stomel, on April 29, 2013.  Stomel procured Plaintiff's bail, and allowed Plaintiff to plead guilty.  Plaintiff alleges Stomel had not read the discovery, and it was obvious to Stomel that Plaintiff was "held illegally of an apparent conspiracy."  (Compl., ECF No. 1 at 7.)  Plaintiff was forced to plead guilty to have his wife's charges dismissed.  He could not post bail because there was a hold on him in Mercer County.

Plaintiff alleges his father-in-law dislikes him and is friends with "the very judges who failed to set a bail for me and also worked as an Assistant Attorney General for the [AG's] Office." (Id.) Plaintiff attempted to file a civil action on December 21, 2013, but after learning that he must exhaust his administrative remedies, he filed a PCR motion, which was denied.[2]

Plaintiff alleges that in his PCR proceedings, the prosecutors[3] maintained that he had a $150,000 bail, but Plaintiff alleges they refused to acknowledge that Indictment No. 09-07-00150 AG "is the Indictment that held me out of Mercer County and not Indictment #12-12-029457 out of Atlantic County." (Id. at 8.) Plaintiff explains:

---

[2] The Court does not express an opinion at this time whether the two-year statute of limitations was equitably or otherwise tolled while Plaintiff pursued his post-conviction remedies in an effort to exhaust his § 1983 claims.

[3] Plaintiff claims that the arguments of the prosecutors, Assistant Atlantic County Prosecutor Brett Yore and D.A.G. Emily R. Anderson, whom appeared on behalf of the State at his PCR proceeding on July 19, 2013, were tantamount to conspiracy and malicious prosecution on behalf of the State of New Jersey Attorney General's Office and Atlantic County Prosecutor's Office. (Compl., ECF No. 1 at 8.) Plaintiff did not name these individuals as defendants in this action. If Plaintiff intended to bring claims against these individuals, he is required to file an Amended Complaint. However, Plaintiff should be aware that such a claim is likely to be dismissed based on absolute prosecutorial immunity. See Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992) (absolute prosecutorial immunity attaches to activity taken in court, such as the presentation of evidence and legal argument).

5

> Once again, I state that there was a hold on me on Indictment No. 09-07-00150 AG out of Mercer County from 9/5/12 through 4/29/13. Even the A.G. Andrew B. Johns admits this. I did have a bail out of Atlantic County for Ind.#12-12029457 but could not post bail due to the Mercer County hold.

(Id.)

During Plaintiff's incarceration in the Atlantic County Justice Facility, he was placed in the highest security, and he was assaulted numerous times.  For relief, Plaintiff wants the Court to acknowledge that he was illegally held without bail, without having been denied bail or having bail revoked, and he seeks damages for himself and his family.

**B.   Section 1983 claims**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the

6

alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

    **A.  Judicial Immunity**

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (citations omitted).

Plaintiff has not alleged any facts indicating that Judges Donio and Curio acted in clear absence of jurisdiction in presiding over his state court cases.  Therefore, Judge Donio and Judge Curio are immune from Plaintiff's § 1983 claims, and they will be dismissed from this action with prejudice.

    **B.  Prosecutorial Immunity**

Prosecutors have absolute immunity for prosecutorial actions that are "intimately associated with the judicial phase of the criminal process." Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430

7

(1976)). Absolute immunity applies when a prosecutor is acting "as an officer of the court" but not when a prosecutor engages in investigative or administrative tasks. Id. at 342. A functional approach should be applied to determine if a prosecutor's activity is taken as an officer of the court or is investigative or administrative. Id.

Here, Plaintiff alleged AAG Andrew B. Johns "refused to set bail; request bail. Knew I had a hold out of Mercer County & didn't have it removed after he knew it was there." (Compl., ECF No. 1 at 4.) Plaintiff further alleged "I would not receive bail until I agreed to plead guilty on 4/29/12." (Id. at 6.) Plaintiff states that during the plea hearings Johns "admitted on record a mistake or a nuance was made in regard to my bail in between 9/17/12 and 4/29/13." (Id.) Plaintiff asserts this was "a malicious prosecution tactic." (Id.) After Plaintiff filed a bail reduction motion, which was heard on December 3, 2013, he alleges he still did not receive bail or have the Mercer County hold lifted. (Id. at 7.)

The Court construes Plaintiff's claims regarding denial of bail as a violation of his Fourteenth Amendment right to due process. See Tarapchak v. Lackawanna County, 173 F.Supp.3d 57, 82 (E.D. Pa. 2016) (construing § 1983 claim for incarceration without a bench warrant hearing or bail revocation hearing as arising under Fourteenth Amendment's protection of life, liberty

8

and property). At this stage of the proceedings, where the Court must accept Plaintiff's factual allegations as true, the Court cannot determine whether the alleged mistake by Johns was an administrative act subject to qualified immunity or whether the prosecutor's actions or inactions with respect to Plaintiff's bail are quasi-judicial in nature and entitled to absolute prosecutorial immunity. See Odd v. Malone, 538 F.3d 202, 214 (3d Cir. 2008) (prosecutor's failure to notify court of material witness's custodial status was an administrative oversight not entitled to absolute prosecutorial immunity); Light v. Haws, 472 F.3d 74, 77 (3d Cir. 2007) ("state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role") (quoting Imbler, 424 U.S. at 427, 431.)) Therefore, this claim will be allowed to proceed.

    **C.**    **Joseph Corbey and Terry Stomel**

A public defender is not acting "under color of state law when performing the traditional functions of counsel to a criminal defendant." Polk Co. v. Dodson, 454 U.S. 312, 325 (1981). "It is well established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law." Deangelo v. Brady, 185 F. App'x 173, 175 (3d Cir. 2006) (citing Polk, 454 U.S. at 318)). Plaintiff's allegations

9

against Attorneys Corbey and Stomel are based on their actions as his counsel in a criminal matter. Therefore, Plaintiff's § 1983 claims against Joseph Corbey and Terry Stomel will be dismissed with prejudice for failure to state a claim upon which relief may be granted because they are not state actors.

### D.   Rosemarie Gallager

Plaintiff alleges Rosemarie Gallager, Criminal Division Manager for Cumberland County, refused to file his pro se motion to dismiss. The Complaint, however, also alleges Plaintiff was represented by counsel. There is no constitutional right of a criminal defendant to partial or hybrid representation. State v. Figeuroa, 186 N.J. 589, 594 (2006); U.S. v. D'Amario, 268 F. App'x 179, 180 (3d Cir. 2008) ("The Constitution does not confer a right to proceed simultaneously by counsel and pro se . . .") Therefore, Gallager was not required to accept a pro se filing from Plaintiff. The Court will dismiss Plaintiff's § 1983 claim against Gallager with prejudice for failure to state a claim upon which relief may be granted.

### E.   Conspiracy

Plaintiff alleged his attorney, Terry Stomel, allowed him to plead guilty although it was apparent to Stomel that Plaintiff was "held illegally of an apparent conspiracy." Liberally construing the Complaint, Plaintiff might be trying to allege a conspiracy to maliciously prosecute him. Plaintiff's

conspiracy claim for malicious prosecution is barred by Heck v. Humphrey, because success on such a claim would invalidate Plaintiff's conviction, and he has not shown that his conviction was reversed or otherwise invalidated.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)); see also Baker v. Wittevrongel, 363 F. App'x 146, 149 (3d Cir. 2010) (holding damages claims for malicious prosecution and conspiracy were barred by the favorable termination rule announced in Heck).

Plaintiff further alleges his father-in-law, who is not a defendant, dislikes him and is friends with "the very judges who failed to set a bail for me and also worked as an Assistant Attorney General for the [AG's] Office."  Assuming Plaintiff is alleging a conspiracy to hold him without bail until he plead guilty, he has failed to state a claim.  The elements of a civil conspiracy claim under § 1983 are:

> a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.

Adams v. Teamsters, 214 F. App'x 167, 172 (3d Cir. 2007) (quoting Hampton v. Hanrahan, 600 F.2d 600, 620-21 (7th Cir. 1979) (quoting Rotermund v. U.S. Steel Corp., 474 F.2d 1139 (8th Cir. 1973) (quotation marks omitted)).

Plaintiff has not alleged any facts that plausibly suggest there was an agreement between any of the defendants and/or his father-in-law to deny Plaintiff a bail hearing. See Capograsso, 588 F.3d at 185 ("a conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions") (quoting Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990)).  The conspiracy claims, as construed by this Court, will be dismissed without prejudice.

**IV.  CONCLUSION**

The Court will grant Plaintiff's IFP application.  Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the Court will dismiss with prejudice the § 1983 claims against Michael Donio, Georgia Curio, Joseph Corbey, Terry Stomel, and Rosemarie Gallager.  Plaintiff's § 1983 conspiracy claims will be dismissed without prejudice.  Plaintiff's § 1983 claim against AAG Andrew B. Johns may proceed.

An appropriate order follows.


Dated: April 3, 2017                s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.